UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HALL & ASSOCIATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-0823 (TSC) |
| | ) | |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

This is an ongoing Freedom of Information Act ("FOIA") case brought by Plaintiff Hall & Associates ("Hall") against the U.S. Environmental Protection Agency ("EPA"). Before the court are Hall's motion for reconsideration (ECF No. 47) and motion for an award of attorney fees (ECF No. 42). For the reasons stated herein, Hall's motion for reconsideration is DENIED and Hall's motion for attorney fees is also DENIED.

I. BACKGROUND

In late 2012, Hall submitted nine FOIA requests to the EPA on behalf of the Great Bay Municipal Coalition, a coalition of municipalities in New Hampshire that discharge into the Great Bay Estuary or its tributaries. Hall filed its first request on October 4, 2012 (Compl. Ex. 3), and eight additional requests on October 22, 2012 (Compl. Exs. 5–11). In each of these eight additional requests, Hall provided a statement contained in a May 4, 2012 letter to the EPA, and requested that the EPA "provide us with all records or factual analysis that show this statement is

1

incorrect."[1] On November 30, 2012, the EPA provided five responsive documents to Hall's October 4 request, and objected to the other requests because "they do not reasonably describe the records being sought, as required by 40 CFR 2.102(c), and improperly request that the Agency conduct analysis and research and formulate opinions." (Compl. Ex. 21). Hall filed an agency appeal on December 20, 2012, explaining that:

> The Coalition was not asking for the Agency to develop any further analysis or opinions. Rather, the Coalition sought all pre-existing records which contained analysis or opinions in conflict with the allegations at issue. In order for the Agency to claim that the Region had not engaged in science misconduct, EPA would have had to have conducted some type of analysis to determine whether the allegations made by the Coalition were true. It was those records that the Coalition was seeking.

(Compl. Ex. 22 at 3). The EPA issued its final determination on February 15, 2013, denying Hall's appeal because the requests were still "articulated in the form of an interrogatory-like question [and] . . . [s]uch a formulation is not a proper FOIA request." (Compl. Ex. 26 at 2). In that determination, the EPA noted that if Hall "would like to clarify or modify those seven requests in a non-question form by providing specific information, such as a subject matter as to the records you are seeking, please re-submit this information to the EPA's FOIA office, who will either open new request(s) for you or re-open these request(s)." (*Id.*).

Rather than submit any additional clarification or modification at that time, Hall commenced this lawsuit in June 2013, and the parties filed cross-motions for summary judgment. On March 16, 2015, this court issued its ruling. *See* 83 F. Supp. 3d 92 (D.D.C. 2015). Before the court were two main issues: (1) "whether EPA's search and production of documents was adequate for the October 4, 2012, FOIA request," and (2) whether "EPA was justified in refusing

---

[1] One of these requests was later transferred to EPA Region I by the EPA because it was more likely to have responsive documents. (*See* Compl. Ex. 26 at 2).

to respond to the seven similarly-styled October 22, 2012, FOIA requests." *Id.* at 98. On the first issue, the court found that the EPA's search and production for Hall's October 4 request was adequate. *Id.* at 100. On the second, the court found that "Hall's October 22 Requests, as originally formulated, were not proper requests." *Id.* at 101. However, in light of the EPA's own regulations requiring the agency to give requesters "an opportunity to discuss and modify [their] requests to meet the requirements" of the agency's regulations, the court ordered the EPA to "process the October 22 Requests as modified by Hall's December 20, 2012 letter (Compl. Ex. 22) and either disclose any responsive records or claim an exemption. If EPA believes the requests as amended are still not sufficiently clear, it must allow Hall to further clarify or modify the requests in accordance with 40 C.F.R. § 2.102(c)." *Id.* at 102–04. The court made no ruling as to the sufficiency of the December 20, 2012 language, only that if the December 20 modification was still unclear then Hall should be afforded the opportunity to clarify its request.

On April 30, 2015, the EPA sent Hall a letter stating that pursuant to the court's Order, it re-examined the December 20, 2012 language and found that "the requests are still unclear. The language in your December 20, 2012 letter is a general rephrasing of the original seven FOIA requests that requires EPA to answer questions to potentially search for records and therefore does not reasonably describe the records sought." (ECF No. 25-1). In response, on May 15, 2015, Hall requested a briefing schedule in this court, stating that "[w]hile EPA offered H&A the opportunity to further clarify the requests, H&A is not interested in doing so." (ECF No. 25 at 2). EPA opposed Hall's motion on June 2, 2015, citing the fact that the court's opinion had expressly granted it permission to seek clarification, which it had done. (ECF No. 27 at 2).

A status conference was held on June 3, 2015 to resolve the ongoing dispute. The court noted that it did not "make any ruling on the subsequent [December 20, 2012] modification" and

3

asked Hall's counsel numerous times why Hall could not modify its request. (Tr. of June 3, 2015 Status Conf. (ECF No. 32) at 3). The court noted that Hall appeared to simply be "digging in your heels," and agreed with the EPA's counsel that the December 20 modification was not styled similarly to Hall's earlier clarification for FOIA requests to EPA Region I, to which Region I had responded. (*Id.* at 3, 5). After the status conference, Hall continued to refuse to offer any further modification of its initial request. (*See* Status Reports (ECF Nos. 29, 30)).

On July 16, 2015, the court held another status conference, at which it took the unusual step of proposing modified language for the FOIA request, modeled on Hall's clarification of its Region I requests years earlier. The parties consented to this new language, and the court formalized the new request language by Minute Order that day. The new language read: "The specific documents that EPA may have already gathered during EPA Headquarters' investigation into the Coalition's allegations of science misconduct on specific issues identified in each of the individual FOIA requests." In an August 13, 2015 joint status report, the parties agreed that the EPA would process this modified FOIA request. (ECF No. 33). The next day, the court issued a Minute Order requiring EPA to provide Hall with "any and all non-exempt records responsive to the language of the court's July 16, 2015 Order."

On September 30, 2015, the EPA provided Hall with approximately 40 responsive documents, a number of which contained redacted content. (Oct. 9, 2015 Status Report (ECF No. 35)). On October 5, 2015, the EPA produced a 24-page *Vaughn* Index that explained its justification for withholding responsive documents, or portions thereof. (*Id.*). Subsequently, Hall objected that the EPA "did not specify which of the seven issues each of the identified records were deemed responsive." (*Id.* at 2). At a status conference on November 4, 2015, the court determined that the EPA was not required to identify which records corresponded to which

4

requests. On December 7, 2015, over two months after Hall received the documents from the EPA, the parties filed a joint stipulation stating:

> 1) H&A has reviewed EPA's September 30, 2015 and October 5, 2015 response and exemption claims and stipulates that there is no objective basis to dispute the adequacy of EPA's search and/or FOIA exemptions asserted and, therefore, further litigation of EPA's response is unnecessary; and
>
> (2) The Parties stipulate that the only unresolved issue in this matter is H&A's eligibility and entitlement to a fee award, if any, and the extent of such an award. Defendant, EPA, reserves its right to assert any and all defenses concerning this fee award issue.

(ECF No. 40 at 2).

Hall now moves the court to reconsider under Federal Rule of Civil Procedure 54(b) the entirety of its March 16, 2015 Order to find that that EPA's response to its October 4 request was not sufficient and that its October 22 requests were proper requests. (ECF No. 47). Hall additional requests attorney fees of $212,839.58 from the EPA. (ECF No. 42 (requesting $178,029.56 in fees); ECF No. 46 (increasing fees request to $212,839.58)).

## II.   ANALYSIS

### A. <u>Motion for Reconsideration</u>

A court may revise or reconsider any non-final order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Reconsideration of prior interlocutory orders is at "the discretion of the trial court." *Lewis v. United States*, 290 F. Supp. 2d 1, 3 (D.D.C. 2003). However, a court should only revise its order "as justice requires" or when "necessary under the relevant circumstances." *Judicial Watch v. Dep't of Army*, 466 F. Supp. 2d 112, 123 (D.D.C. 2006). The court's discretion is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason

permitted, to battle for it again." *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted). Thus, in order to promote finality and protect the court's judicial resources, the court is loath to revisit its prior decision absent "extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." *Shea v. Clinton*, 850 F. Supp. 2d 153, 157–58 (D.D.C. 2012).

Hall seeks reconsideration of both of the court's March 2015 findings with respect to the October 4 and October 22 FOIA requests. Hall neither seeks a single additional document, nor for the EPA to perform a single additional search. Instead, the sole result that Hall seeks from the court's revision of its entire summary judgment decision would be an increase in the attorney fees that Hall contemporaneously applied for. (Pl. Mot. Reconsideration (ECF No. 47) at 7–8, 13). Notably, two months after receiving the documents from the EPA and four months before filing this motion, Hall stipulated that there was "no objective basis to dispute the adequacy of EPA's search" and "further litigation of EPA's response is unnecessary." (ECF No. 40 at 2). Hall additionally stipulated that "the only unresolved issue in this matter" is attorney fees. (*Id.*). Hall presents no new evidence, no extraordinary circumstance, and no risk of manifest injustice to warrant reconsideration.

Hall now argues that the court should revise its finding with respect to the October 4 search because, given that its October 4 request was broader than its October 22 requests and the EPA produced significantly more documents in response to the October 22 requests, then the EPA's October 4 search must have been inadequate, contrary to the court's ruling. Moreover, with respect to the October 22 request, Hall argues that the EPA's ultimate document production proves that the EPA understood its original October 22 request all along, and the court should thus revise its decision that the October 22 requests were improperly formulated.

The court is unpersuaded by these arguments. Notwithstanding that Hall, after reviewing the EPA's document production, already stipulated that there was "no objective basis" to dispute the EPA's search or production, the court already considered a very similar argument in its March 2015 opinion. In its motion for summary judgment, Hall argued that the EPA's search and production for its October 4 request was insufficient because EPA Region I provided documents for a related FOIA request that Hall believed EPA should have provided in response to its October 4 request. 83 F. Supp. 3d at 99–100. The court rejected this argument, citing the D.C. Circuit's long-settled principle that "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Id.* (quoting *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)). The same holds true here. The EPA's search in 2012 in response to the October 4 request and its search in 2015 in response to the court's July 2015 language resulted in different document productions. This fact alone, without any further evidence as to the insufficiency of the EPA's search for the October 4 request, provides no basis for the court to revisit its decision for that request. Moreover, as for the October 22 request, Hall offers only that it believes the EPA's requests for clarification and proper formatting of the requests to be a "sham," citing to a declaration from the EPA's first summary judgment motion in 2013. Similarly, this speculation, without any new evidence, provides no basis for the court to revise its 2015 decision.

Because Hall has received the documents it originally sought, does not seek additional documents or searches, already stipulated to the adequacy of both of EPA's searches, and articulates no extraordinary circumstances or manifest injustice here, its motion for reconsideration is denied.

### B. Attorney Fees

Hall additionally moved for attorney fees. FOIA provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). This language divides the attorney fee inquiry into two prongs, which this Circuit has long described as fee "eligibility" and fee "entitlement." *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011) (citing *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 368–69 (D.C. Cir. 2006)). The eligibility prong asks whether a plaintiff has "substantially prevailed" and thus "may" receive fees. *Id.* Under FOIA, a party has "substantially prevailed" by obtaining relief through either "a judicial order, or an enforceable written agreement or consent decree" or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(I)–(II).

A court's award of attorney fees is not automatic, *see Cuneo v. Rumsfeld*, 553 F.2d 1360, 1364 (D.C. Cir. 1977), *overruled on other grounds*, *Burka v. HHS*, 142 F.3d 1286 (D.C. Cir. 1988) (describing legislative history), and there is no presumption in favor of awarding fees to litigants who ultimately receive documents, *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 713–14 (D.C. Cir. 1977). Thus, the court has "broad discretion" when considering whether a request for attorney fees should be granted. *Id*.

Hall's position is straight-forward: it argues that because the court ordered the EPA to provide it with responsive documents, then it has substantially prevailed and is eligible for attorney fees. There is well-established precedent in this Circuit that a plaintiff may be considered a prevailing party if a court has ordered an agency to provide responsive documents by a certain date, as the court did here by Minute Order on August 14, 2015, because this creates

8

a "judicially sanctioned change in the legal relationship of the parties."[2] However, this court understands this precedent to hold that such a court order is a necessary, but not sole criterion for finding that Hall is a prevailing party. FOIA still requires that a plaintiff "*substantially* prevail," 5 U.S.C. § 552(a)(4)(E)(i) (emphasis added), and the court may consider whether "litigation was necessary to compel the production of any documents at all," and whether "no small part of the delay in this case was occasioned by [Plaintiff's] own litigation tactics." *See Weisberg v. DOJ*, 848 F.2d 1265, 1271 (D.C. Cir. 1988) (finding no eligibility based on "global" argument that litigation was necessary for production).

The history of this case, detailed extensively above, demonstrates that after Hall's October 4 Request, the EPA promptly produced responsive documents, which this court determined was sufficient, and that the EPA declined to provide documents for Hall's October 22 requests because they were not properly formed, as this court also determined. 83 F. Supp. 3d at 100–01. These facts alone distinguish this case from *Davy* and *Campaign for Responsible Transplantation*, which involved agencies that outright rejected or ignored the plaintiff's FOIA requests. Here, the EPA timely considered Hall's October 22 requests, but found them too vague to process. Since December 20, 2012, Hall offered the EPA no further clarification or modification of its requests, and in fact expressly declined to do so after this court's March 2015 Order and June 2015 status conference.

However, as this court noted in its Opinion and at the status conference, Hall clarified its

---

[2] *See, e.g.*, *Davy v. CIA*, 456 F.3d 162, 165–66 (D.C. Cir. 2006) (finding that, after agency denied FOIA request and the lawsuit commenced, a court order memorializing the parties' joint stipulation and requiring CIA to productive responsive documents by a certain date was sufficient to establish plaintiff as prevailing party); *Campaign for Responsible Transplantation v. FDA*, 511 F.3d 187, 197 (D.C. Cir. 2007) (finding that, after agency failed to respond to plaintiff's request and appeal and the lawsuit commenced, a court order memorializing the parties' joint stipulation by a certain date was sufficient).

contemporaneous FOIA requests to EPA Region I—which resulted in its desired document production—before the commencement of this suit. *See id.* at 103–04. At the June 2015 status conference, this court determined that the Region I clarification was different than that offered by Hall on December 20 to the EPA, and inquired why Hall could not clarify that request as it had done with Region I. After Hall steadfastly refused to offer additional clarification, this court ultimately took the unusual step of moving this case along by proposing modifying language similar to what Hall had provided to Region I, which both parties then accepted. There is no basis for the court to conclude that Hall, before commencing this suit three years ago, could not simply have offered the same clarification it did to EPA Region I and thus attained the requested documents without the involvement of this court. As the D.C. Circuit noted about the plaintiff in *Weisberg*, here it appears that "no small part of the delay in this case" was the result of Hall's own intransigence—or as the court characterized it in its June 2015 status conference, "digging in your heels."

In light of the record in this case, the court concludes that Hall has not shown that it substantially prevailed in this case, and is therefore ineligible for attorney fees. Hall's motion for an award of attorney fees is hereby denied.

### III.   CONCLUSION

For the foregoing reasons, Hall's motion for reconsideration is denied, and Hall's motion for attorney fees is also denied.

Date: September 27, 2016

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge